## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

**DARIUS JACKSON, DYLAN SAGO, BRIANNA WILLIAMS, and DEVIN JACKSON**

     **Plaintiffs,**

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, CHILDREN'S DIVISION**
Registered Agent
Serve:  205 Jefferson Street
        10th Floor
        Jefferson City, Missouri 65103

**and**

**MISSOURI ALLIANCE FOR CHILDREN AND FAMILIES, L.L.C.,**
Registered Agent
Serve: Melissa Platt
        211 Marshall Street
        P.O. Box 104265
        Jefferson City, MO 65101

**and**

**ALICIA DICKERSON**
Case Manager
Serve: Alicia Dickerson
        211 Marshall Street
        P.O. Box 104265
        Jefferson City, MO 65101

**and**

**ANTONIO CLARK,**
Serve: Antonio Clark
        2913 Garfield Ave.
        Kansas City, MO 64109

**and**

Cause No.:  4:23-cv-822

**JURY TRIAL DEMANDED**

1

**SHAKINA DAWKINS,**
Serve: Shakina Dawkins
         9227 Farley Ave.
         Kansas City, MO 64138

         **Defendants.**

## COMPLAINT

Plaintiffs Darius Jackson, Dylan Sago, Brianna Williams, and Devin Jackson (hereinafter "Plaintiffs") file this Complaint against the Missouri Department of Social Services (hereinafter "MDSSCD"), Missouri Alliance for Children and Families (hereinafter "MACF"), Alicia Dickerson (hereinafter "Dickerson"), Antonio Clark (hereinafter "Clark"), and Shakina Dawkins (hereinafter "Dawkins").

## PARTIES

1.     Plaintiff Darius Jackson is a surviving sibling of Marcus Haynes (hereinafter "Marcus") and is a resident and citizen of the State of Missouri.

2.     Plaintiff Dylan Sago is a surviving sibling of Marcus and is a resident and citizen of the State of Missouri.

3.     Plaintiff Brianna Williams is a surviving sibling of Marcus and is a resident and citizen of the State of Missouri.

4.     Plaintiff Devin Jackson is a surviving sibling of Marcus and is a resident and citizen of the State of Missouri.

5.     Plaintiffs bring this action pursuant to MO. REV. STAT. § 537.080, commonly referred to as the "Missouri Wrongful Death Statute," on behalf of themselves and all persons entitled to recover under said statute. Plaintiffs are proper parties to bring this action for the wrongful death of Marcus Haynes.

2

6.     Marcus was at all times mentioned herein a resident and citizen of the State of Missouri.

7.     Marcus died on November 29, 2021. He was fifteen years old at the time of his death.

8.     Defendant Missouri Department of Social Services, Children's Division ("MDSSCD") is a government facility and institution located at 205 Jefferson Street, Jefferson City, Missouri 65103.

9.     Defendant Missouri Alliance for Children and Families ("MACF") is a non-profit agency located in Missouri. At all times relevant, Defendant MACF was employed by MDSSCD as a third-party contractor responsible for managing Marcus's case.

10.     Defendant Dickerson is a citizen and resident of the State of Missouri. At all relevant times, Dickerson was Marcus's case manager and an employee of MACF. This suit is being brought against Dickerson in her individual and official capacities.

11.     Defendant Clark is a citizen and resident of the State of Missouri. Clark was, at all times relevant, one of Marcus's foster parents. This suit is being brought against Clark in his individual and official capacities.

12.     At all relevant times, Clark, in his capacity as a foster parent, was responsible for providing Marcus with adequate care including appropriate food, clothing, housing, protection, medical treatment, emotional security, and safety.

13.     Defendant Dawkins is a citizen and resident of the State of Missouri. Dawkins was, at all relevant times, a respite care provider for Marcus. This suit is being brought against Dawkins in her individual and official capacities.

3

14.     At all relevant times, Dawkins, in her capacity as a respite care provider, was responsible for providing Marcus with adequate care including appropriate food, clothing, housing, protection, medical treatment, emotional security, and safety.

15.     Defendants Dickerson, Clark and Dawkins were employees or agents of Defendants MACF and MDSSCD.

16.     At all times, Defendants Dickerson, Clark, and Dawkins were acting in the course and scope of their employment or agency with Defendants MACF and MDSSCD.

## JURISDICTION

17.     This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. § 1983 and § 1988. Jurisdiction against Defendants is conferred upon this Court by 28 U.S.C. § 1331 and by the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

18.      Venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Kansas City, Missouri, within this Court's geographic judicial district.

## FACTUAL ALLEGATIONS

19.     Marcus was born on June 27, 2006.

20.     Since 2013, Marcus was in and out of foster care with no contact with his biological parents and was assigned to live with his aunt in September of 2016.

21.     At six-years-old, Marcus began experiencing reoccurring ear pain, which required visits to the doctor.

4

22.     In 2018, Marcus was involuntarily taken into the custody of the Children's Division of MDSSCD for placement.

23.     Around this time, Marcus was placed in a foster care home with Clark and Dawkins as his care givers.

24.     Around this time, Marcus was suffering from more severe and frequent ear pain, sometimes experiencing it three times per week.

25.     Doctors noted wax buildup, ear drainage, fluffy white discharge and clear fluid in the ear canal and scabbing on the external earlobe on different occasions.

26.     Marcus was diagnosed with an ear infection on September 8, 2021. Defendants Clark and/or Dawkins were ordered by Marcus's doctor to return to the ER promptly if his condition worsened.

27.     Defendants Clark and/or Dawkins failed to bring Marcus to a doctor or other medical care provider between September 9, 2021, and November 28, 2021.

28.     Defendants Clark and Dawkins knew of the worsening of Marcus's condition and failed to take adequate steps as instructed by medical authorities.

29.     On November 29, 2021, Defendant Clark or Dawkins contacted EMS after noticing Marcus appeared sick and had defecated himself.

30.     Medics found Marcus lying on the floor and discovered he had soiled his bed and himself.

31.     Medics noted that the soiling of Marcus's bed and body was not recent because there was no odor, and the sheets were dry.

32.     Marcus was noted as lethargic and unable to sit up for extended periods of time.

5

33.     At some point during the examination, medics were unable to find a pulse on Marcus and performed CPR for thirty minutes before deciding to transport him to Research Medical Center.

34.     After further attempts to resuscitate Marcus were unsuccessful, including additional CPR and administering D10 and epinephrine via an IV, Marcus was pronounced dead at 10:57 on November 29, 2021.

35.     Marcus died from Sepsis. Put another way, his ear infection was ignored for so long by his caretakers that the infection spread throughout his body, ultimately killing him.

## COUNT I

## 42 U.S.C § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourteenth Amendment to the United States Constitution (Defendant MDSSCD)

36.     Plaintiffs incorporate the previous paragraphs as though fully set forth herein.

37.     42 U.S.C § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

38.     Marcus was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

39.     MDSSCD is a person under 42 U.S.C. § 1983.

6

40.     MDSSCD and its employees, agents, and representatives were, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

41.     At the time of the incident that is the subject of Plaintiffs' Complaint, Marcus had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

42.     MDSSCD and its employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

43.     The acts or omissions of MDSSCD and its employees, agents, and representatives, as described herein, deprived Marcus of his constitutional and statutory rights, resulting in his death.

44.     MDSSCD and its employees, agents, and representatives intentionally, knowingly and purposely deprived Marcus of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

45.     MDSSCD and its employees, agents, and representatives are policymakers for MDSSCD, and in that capacity, established policies, procedures, customs, and/or practices for the same.

46.     MDSSCD and its employees, agents, and representatives maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Marcus's constitutional rights as set forth herein.

47.     MDSSCD and its employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedures, practices, and/or

7

failed to properly train and/or supervise its employees, agents and representatives in a manner amounting to deliberate indifference to the constitutional rights of Marcus and the public. The inadequacy of training and/or supervision is so likely to result in violation of constitutional and federal rights, such as those described herein, that the failure to provide proper training and supervision is indifferent to those rights.

48. The deliberately indifferent training and supervision provided by MDSSCD, and its employees, agents, and representatives resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to them and were moving forces in Marcus's constitutional and statutory violation injuries.

49. As a direct and proximate result of MDSSCD's interference with Marcus's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

50. MDSSCD, by and through its agents and employees, knew of Marcus's objectively serious medical needs, but were deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    a.     MDSSCD knowingly failed to adequately train its employees, foster parents, and caregivers;

    b.     MDSSCD knowingly failed to ensure Marcus was not in physical danger at any point while in their custody;

    c.     MDSSCD knowingly failed to ensure Marcus was not placed in a foster care home that denied him his rights to safety, supervision, protection, medical treatment, and emotional security;

    d.     MDSSCD knowingly placed Marcus with unfit foster parents;

e.   MDSSCD knowingly failed to ensure Marcus's medical needs were properly attended to at all times;

f.   MDSSCD knowingly failed to ensure Marcus was brought back to his doctor when his condition worsened;

g.   MDSSCD knowingly failed to respond to Marcus's medical emergency in a timely manner; and,

h.   Such other acts of deliberate indifference that the evidence will show.

51.   MDSSCD policy-making officials have shown deliberate indifference to or tacit authorization of the above conduct after notice to the officials of that misconduct.

52.   Marcus's death was caused by MDSSCD's unconstitutional customs, policies and training, which delayed the required emergency treatment to save his life.

53.   The denial or delay of health care treatment for Marcus was attributable to something more than simple negligence upon the part of MDSSCD officials.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C § 1983 and § 1988 against MDSSCD in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, and for any further relief this Court deems just and proper.

## COUNT II

### NEGLIGENCE

### (Defendant MDSSCD)

54.   Plaintiffs incorporate the previous paragraphs as though fully set forth herein.

55.   At all times, Marcus was in the custody of the Missouri Department of Social Services, Children's Division.

9

56. At all times, a special custodial relationship existed between Marcus and Defendant MDSSCD due to Marcus being involuntarily placed in foster care.

57. Marcus was a young child at the time he was admitted into the foster care system due to issues stemming from his mother's issues with mental health and addiction.

58. As a child involuntarily placed into foster care, Marcus was incapable of making decisions concerning his welfare and had to rely on MDSSCD to take care of his needs.

59. Due to Marcus being involuntarily placed into MDSSCD's custody at such a young age, MDSSCD owed him a duty to safeguard his well-being because he was unable to do so himself.

60. MDSSCD was responsible for selecting, hiring, training, and supervising Marcus's caregivers and all entities responsible for ensuring his care.

61. MDSSCD, bv and through its agents and employees, including Defendants Dawkins, Clark, Dickerson, and MACF was responsible for providing care to Marcus.

62. MDSSCD knew or should have known of the dangerous proclivities of Defendants Dawkins, Clark, Dickerson, and MACF.

63. MDSSCD breached its duty of care by being, negligent, careless, and reckless in one or more of the following respects:

    a.    Failing to afford Marcus his right to adequate safety;

    b.    Failing to afford Marcus his right to adequate supervision;

    c.    Failing to afford Marcus his right to adequate protection;

    d.    Failing to afford Marcus his right to adequate medical treatment;

    e.    Failing to afford Marcus his right to adequate emotional security;

f. Failing to provide Marcus with an adequate case manager to ensure his situation was being properly monitored;

g. Negligently placing Marcus with unfit foster parents;

h. Failing to monitor Marcus's caregivers;

i. Negligently hiring, training and supervising Marcus's caregivers;

j. Negligently hiring, training and supervising Defendant MACF;

k. Failing to provide Marcus adequate medical care;

l. Failing to monitor Marcus's medical condition;

m. Failing to return Marcus to the emergency room when his condition worsened and,

n. Such other acts of deliberate indifference that the evidence will show.

64. As a direct and proximate result of Defendant MDSSCD's carelessness and negligence, Marcus suffered and died.

WHEREFORE, Plaintiffs pray for judgment against MDSSCD in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, and for any further relief this Court deems just and proper.

## **COUNT III**

**42 U.S.C § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourteenth Amendment to the United States Constitution (Defendant MACF)**

65. Plaintiffs incorporate the previous paragraphs as though fully set forth herein.

66. 42 U.S.C § 1983 provides that:

11

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

67. Marcus was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

68. MACF is a person under 42 U.S.C. § 1983.

69. MACF and its employees, agents, and representatives were, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

70. At the time of the incident that is the subject of Plaintiffs' Complaint, Marcus had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

71. MACF and its employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

72. The acts or omissions of MACF and its employees, agents, and representatives, as described herein, deprived Marcus of his constitutional and statutory rights, resulting in his death.

73. MACF and its employees, agents, and representatives intentionally, knowingly and purposely deprived Marcus of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

74. MACF and its employees, agents, and representatives are policymakers for MDSSCD, and in that capacity, established policies, procedures, customs, and/or practices for the same.

75.     MACF and its employees, agents, and representatives maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Marcus's constitutional rights as set forth herein.

76.     MACF and its employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedures, practices, and/or failed to properly train and/or supervise its employees, agents and representatives in a manner amounting to deliberate indifference to the constitutional rights of Marcus and the public. The inadequacy of training and/or supervision is so likely to result in violation of constitutional and federal rights, such as those described herein, that the failure to provide proper training and supervision is indifferent to those rights.

77.     The deliberately indifferent training and supervision provided by MACF, and its employees, agents, and representatives resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to them and were moving forces in Marcus's constitutional and statutory violation injuries.

78.     As a direct and proximate result of MACF's interference with Marcus's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

79.     MACF, by and through its agents and employees, actually knew of Marcus's objectively serious medical needs, but were deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

     a.     MACF knowingly failed to properly train its employees in placing children in adequate foster homes;

     b.     MACF knowingly failed to properly monitor Marcus's living situation;

13

c. MACF knowingly failed to ensure Marcus was afforded his right to adequate safety;

d. MACF knowingly failed to ensure Marcus was afforded his right to adequate supervision;

e. MACF knowingly failed to ensure Marcus was afforded his right to adequate protection;

f. MACF knowingly failed to ensure Marcus was afforded his right to adequate emotional security;

g. MACF knowingly failed to provide Marcus with an adequate case manager to ensure his situation was being properly monitored;

h. Knowingly placing Marcus with unfit foster parents; and,

i. Such other acts of deliberate indifference that the evidence will show.

80. MACF policy-making officials have shown deliberate indifference to or tacit authorization of the above conduct after notice to the officials of that misconduct.

81. Marcus's death was caused by MACF's unconstitutional customs which delayed the required emergency treatment to save his life.

82. As a result of the unconstitutional policies and customs of MACF, emergency treatment of Marcus was delayed, causing his death.

83. The denial or delay of health care treatment for Marcus was attributable to something more than simple negligence upon the part of MACF officials.

84. MACF's conduct showed a complete indifference to or a conscious disregard for the safety of Marcus and others, thereby justifying an award of damages of aggravating

14

circumstances in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and § 1988 against MACF in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

<u>**COUNT IV**</u>

**NEGLIGENCE**

**(Defendant MACF)**

85.     Plaintiffs incorporate the previous paragraphs as though fully set forth herein.

86.     At all times mentioned, Defendant MACF was responsible for overseeing and managing Marcus's case, which included ensuring he was placed in an adequate and safe housing arrangement.

87.     MACF was responsible for selecting, hiring, training, and supervising Marcus's caregivers.

88.     MACF, by and through its agents and employees, including Defendants Dawkins, Clark, and Dickerson, was responsible for providing care to Marcus.

89.     MACF knew or should have known of the dangerous proclivities of Defendants Dawkins, Clark, and Dickerson.

90.     Marcus had the right to live in a home with the necessary resources to meet the needs of his ongoing health and safety issues.

15

91.     Defendant MACF, by and through its agents and employees, owed Marcus a duty and breached that duty by being negligent, careless, and reckless in one or more of the following respects:

a.      Failing to provide Marcus adequate medical care;

b.      Failing to return Marcus to the emergency room when his condition worsened;

c.      Failing to properly supervise Marcus;

d.      Negligently placing Marcus with unfit foster parents;

e.      Failing to properly select, hire, train and supervise Defendants Clark, Dawkins, and Dickerson;

f.      Failing to convene the Family Support Team to discuss a change of placement for Marcus;

g.      Failing to accurately and periodically assess Clark and Dawkins to ensure Marcus's placement was adequate and met all of his afforded rights; and,

h.      Such other acts of deliberate indifference that the evidence will show.

92.     As a direct and proximate result of Defendant MACF's carelessness and negligence, Marcus suffered and died.

93.     MACF's conduct showed a complete indifference to or a conscious disregard for the safety of Marcus and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

16

WHEREFORE, Plaintiffs pray for judgment against MACF in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT V

**42 U.S.C § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and Fourteenth Amendments to the United States Constitution**

**(Defendant Dickerson)**

94.    Plaintiffs incorporate the previous paragraphs as though fully set forth herein.

95.    42 U.S.C § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

96.    Marcus was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

97.    Defendant Dickerson is a person under 42 U.S.C. § 1983.

98.    Defendant Dickerson was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

99.    At the time of the incident that is the subject of Plaintiffs' Complaint, Marcus had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

100.     Defendant Dickerson knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

101.     The acts or omissions of Dickerson, as described herein, deprived Marcus of his constitutional and statutory rights, resulting in his death and causing Plaintiffs damages.

102.     Dickerson intentionally, knowingly, and purposely deprived Marcus of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

103.     Dickerson's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Marcus's federally protected rights. The indifference displayed by Dickerson shocks the conscience and so violated Marcus's Fourteenth Amendment rights.

104.     As a direct and proximate result of Dickerson's interference with Marcus's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

105.     Dickerson actually knew of Marcus's objectively serious medical needs but was deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    a.     Dickerson knowingly failed to properly monitor Marcus's medical condition;

    b.     Dickerson knowingly failed to respond in a timely manner to reports of Marcus's medical issues;

    c.     Dickerson knowingly placed Marcus with unfit foster parents;

    d.     Dickerson knowingly failed to remove Marcus from the custody of Clark and Dawkins; and,

    e.     Such other acts of deliberate indifference that the evidence will show.

18

106.    The denial or delay of health care treatment for Marcus was attributable to something more than simple negligence upon the part of Dickerson.

107.    Dickerson's conduct showed a complete indifference to or a conscious disregard for the safety of Marcus and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and § 1988 against Dickerson in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT VI

### NEGLIGENCE

### (Defendant Dickerson)

108.    Plaintiffs incorporate the previous paragraphs as though fully set forth herein.

109.    At all times mentioned, Defendant Dickerson acted in her capacity as Marcus's individual case manager.

110.    At all times mentioned, Decedent Marcus had the right to live in a safe, healthy, and comfortable home with access to appropriate care and treatment.

111.    Defendant Dickerson owed Marcus a duty to provide him with adequate care including appropriate food, clothing, housing, protection, medical treatment, emotional security, and safety.

112.    Defendant Dickerson breached her duty to Marcus in or more of the following respects:

a.     Failing to afford Marcus his right to adequate safety;

b.     Failing to afford Marcus his right to adequate supervision;

c.     Failing to afford Marcus his right to adequate protection;

d.     Failing to afford Marcus his right to adequate medical treatment;

e.     Failing to afford Marcus his right to adequate emotional security;

f.     Negligently placing Marcus with unfit foster parents;

g.     Failing to adequately and periodically assess Clark and Dawkins to ensure they were affording Marcus his rights at all times;

h.     Failing to respond in a timely manner to Marcus's medical issues;

i.     Failing to remove Marcus from Clark and Dawkins; and,

j.     Such other acts of deliberate indifference that the evidence will show.

113.     As a direct and proximate result of Dickerson's carelessness and negligence, Marcus suffered and died.

114.     Dickerson's conduct showed a complete indifference to or a conscious disregard for the safety of Marcus and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Dickerson in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

**42 U.S.C § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and**

**Fourteenth Amendments to the United States Constitution**

**(Defendants Clark and Dawkins)**

137.　Plaintiffs incorporate the previous paragraphs as though fully set forth herein.

138.　42 U.S.C § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

139.　Marcus was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

140.　Defendant Clark is a person under 42 U.S.C. § 1983.

141.　Defendant Clark was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

142.　Defendant Dawkins is a person under 42 U.S.C. § 1983.

143.　Defendant Dawkins was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri

144.　At the time of the incident that is the subject of Plaintiffs' Complaint, Marcus had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

21

145.     Defendant Clark and Dawkins knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

146.     The acts or omissions of Clark and Dawkins, as described herein, deprived Marcus of his constitutional and statutory rights, resulting in his death and causing Plaintiffs damages.

147.     Clark and Dawkins intentionally, knowingly, and purposely deprived Marcus of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

148.     Clark and Dawkins' actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Marcus's federally protected rights. The indifference displayed by Clark and Dawkins shocks the conscience and so violated Marcus's Fourteenth Amendment rights.

149.     As a direct and proximate result of Clark and Dawkins' interference with Marcus's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

150.     Clark and Dawkins knew of Marcus's objectively serious medical needs, but were deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    a.  Both knowingly failed to properly monitor Marcus's medical condition;

    b.  Both knowingly failed to properly monitor Marcus's living conditions;

    c.  Both observed his medical condition worsen but knowingly failed to bring Marcus back to his doctor or to the emergency room as his condition worsened;

    d.  Both heard and observed Marcus's ongoing medical complaints but failed to take any action;

    e.  Both knowingly failed to call medical personnel to treat Marcus's medical condition in a timely manner; and,

22

f. Such other acts of deliberate indifference that the evidence will show.

151. The denial or delay of health care treatment for Marcus was attributable to something more than simple negligence upon the part of Clark and Dawkins.

152. Clark and Dawkins' conduct showed a complete indifference to or a conscious disregard for the safety of Marcus and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendants, and others, from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and § 1988 against Clark and Dawkins in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT VIII

### NEGLIGENCE

### (Defendant Clark and Dawkins)

153. Plaintiffs incorporate the previous paragraphs as though fully set forth herein.

154. At all times mentioned, Defendants Clark and Dawkins acted in their capacity as Marcus's care givers.

155. At all times mentioned, Marcus had the right to live in a safe, healthy, and comfortable home with access to appropriate care and treatment.

156. Defendants Clark and Dawkins owed Marcus a duty to provide him with adequate care including appropriate food, clothing, housing, protection, medical treatment, emotional security, and safety.

23

157. Defendants Clark and Dawkins— pursuant to Missouri statutes, by order of their superiors, through Marcus's doctors, and in accordance with departmentally mandated rules— had a ministerial duty to provide Marcus access to medical care.

158. Defendants Clark and Dawkins owed Marcus a specific ministerial duty to take him to the emergency room if his medical condition worsened.

159. Defendants Clark and Dawkins owed Marcus a specific ministerial duty to provide him access to medical care if his ear pain did not improve.

160. Defendants Clark and Dawkins did not have discretion to withhold medical care when Marcus complained of continued ear pain. They were required to take him to the emergency room if his condition worsened or if his ear pain continued.

161. Yet from September 9th through November 28, 2021 they failed to provide Marcus access to medical care, even as his condition worsened and his ear pain continued.

162. Defendants Clark and Dawkins breached their duty to Marcus in or more of the following respects:

    a.    Failing to afford Marcus his right to adequate safety;

    b.    Failing to afford Marcus his right to adequate supervision;

    c.    Failing to afford Marcus his right to adequate protection;

    d.    Failing to afford Marcus his right to adequate medical treatment;

    e.    Failing to afford Marcus his right to adequate emotional security;

    f.    Failing to monitor Marcus's medical condition;

    g.    Failing to attend to and take care of Marcus while he was sick;

    h.    Failing to follow doctor's orders to take Marcus to the emergency room if his condition worsened;

> i.     Failing to provide Marcus access to medical care when his ear pain did not improve;
>
> j.     Failing to return Marcus to his doctor when his ear pain did not improve;
>
> k.     Failing to call medical personnel to treat Marcus's medical condition in a timely manner; and,
>
> l.   Such other acts of deliberate indifference that the evidence will show.

163.    As a direct and proximate result of Clark and Dawkins' carelessness and negligence, Marcus suffered and died.

164.    Clark and Dawkins' conduct showed a complete indifference to or a conscious disregard for the safety of Marcus and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendants, and others, from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Clark and Dawkins in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

Dated: November 7, 2023                   Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By:     _/s/ Kevin M. Carnie Jr._
        Kevin M. Carnie Jr. #60979
        Patrick R. McPhail #70242
        800 Market Street, Suite 1700
        St. Louis, MO 63101
        (314) 241-2929
        Fax: (314) 241-2029
        kcarnie@simonlawpc.com
        pmcphail@simonlawpc.com
        *Attorneys for Plaintiffs*

26